UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE MARIE CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:25-cv-00193-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 13). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her applications for supplemental security income benefits. The parties have consented to entry of final judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 9).

Plaintiff argues that (1) the ALJ erred in evaluating her subjective complaints and (2) the ALJ erred by silently disregarding the testimony of a lay witness. (ECF No. 13).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court finds as follows.

\\\

\\\

**I.   ANALYSIS**

   **A.   Subjective Complaints**

The ALJ concluded that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine, right sided sciatica, scoliosis in the neck, and anemia." (ECF No. 10-1, p. 27). After reviewing the record regarding these impairments, including Plaintiff's subjective complaints, the ALJ determined that Plaintiff had

> the residual functional capacity [RFC] to perform medium work as defined in 20 CFR 416.967(c), except she is limited to frequently climbing ramps and stairs, occasionally climbing ladders, ropes and scaffolds, and frequently stooping, kneeling, crouching and crawling. The claimant should be permitted to change positions once per hour, for up to 1 minute, while remaining on task.

(A.R. 23). After concluding that Plaintiff was capable of performing past relevant work as a nursery school attendant based on this RFC, the ALJ found that she is not disabled. (A.R. 28).

Plaintiff challenges the ALJ's determination that she is not disabled, arguing that the ALJ improperly discounted her subjective complaints of pain, and if the ALJ had fully credited them, she might have been found to be disabled. (ECF No. 13, pp. 16-23). Defendant argues that the ALJ properly discounted Plaintiff's subjective complaints under the applicable legal standards. (ECF No. 15, pp. 6-10).

As to a plaintiff's subjective complaints, the Ninth Circuit has concluded as follows:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

However, "[t]he standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th

489, 499 (9th Cir. 2022). An ALJ's reasoning as to subjective testimony "must be supported by substantial evidence in the record as a whole." *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Accordingly, our next task is to determine whether the ALJ's adverse credibility finding of Carmickle's testimony is supported by substantial evidence under the clear-and-convincing standard."). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

As to Plaintiff's subjective complaints, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 24). Accordingly, because there is no affirmative evidence showing that Plaintiff was malingering, the Court looks to the ALJ's decision for clear and convincing reasons, supported by substantial evidence, for not giving full weight to Plaintiff's symptom testimony.

In formulating the RFC, the ALJ noted Plaintiff's subjective complaints of pain as follows:

> The claimant alleges disability due to chronic pain when sitting, walking, bending and lifting, for bulging discs, degenerating discs, sciatic nerve pain right side, arthritis, scoliosis, anemia, stress, anxiety and sleeping problems (Exhibit B3F). The claimant reported on November 10, 2020, that she was capable of walking 20 minutes, standing 15 minutes and sitting 5 minutes at one time. She noted she was able to drive. She was able to perform light housekeeping chores but required assistance with cleaning, cooking, laundry and mopping (Exhibit B5E). In a function report the claimant reported she had no problems with personal care, that she gets her granddaughter ready for school, stretches her back, takes a small walk, assists her granddaughter with schoolwork, and administers her husband's medications. She reported she was capable of preparing complete meals, taking 40 minutes to prepare and that she could not stand as long as she needed to without help prepare the meal most of the time period the claimant reported she was capable of dusting, washing dishes and doing some cleaning. She drives a car and is able to travel alone. She shops in stores and by telephone and is able to handle money. She reports that she socializes with others on a weekly basis, and that she attends church. She reported she could only lift 5 pounds and could only walk about 20 minutes (Exhibit B6E). On May 10, 2021, the claimant reported essentially the same activities including attending church weekly, going on walks,

> going on journey groups to the beach, and noted that she could lift 10 pounds and walk ½ mile, indicating some improvement in her condition (Exhibit B11E). The claimant testified at the hearing that her back always felt like it is going to go out. She noted trouble sitting, standing, and in trying to stretch her back. She reported she required help picking things up and grabbing things. She noted physical therapy was not very helpful and that injections provided temporary relief (hearing testimony). The claimant also testified that she continues to work part time at Hanford Elementary school as a yard supervisor, 2.5 hours a day, 5 days a week.

(A.R. 24).

Thereafter, the ALJ concluded that Plaintiff's subjective complaints were "not consistent with the objective evidence of record as summarized briefly below." (A.R. 24). After summarizing the objective evidence, the ALJ offered four main reasons to discount Plaintiff's subjective complaints: (1) inconsistency with, and lack of supporting, objective evidence; (2) her infrequent and conservative treatment; (3) her activities of daily living; and (4) inconsistency with the opinions of medical professionals. (A.R. 27). The Court discusses each below.

Among other things, the ALJ found Plaintiff's complaint "not entirely consistent with the medical evidence and other evidence in the record" and noted that "[s]he did not have objective findings related to [her back] condition except more recently in June and August 2023; however, she still maintained normal gait without an assistive device." (A.R. 24, 27). An ALJ's reliance on objective evidence inconsistent with a plaintiff's subjective complaints, or the lack of objective support for her complaints, is a proper basis to discount her testimony. *See Smartt*, 53 F.4th at 494 ("When objective medical evidence is inconsistent with a claimant's subjective testimony, an ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so.") (quotation marks and citation omitted); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff objects to the ALJ's reasoning. First, she argues that the ALJ's opinion was not specific enough, arguing that "[t]he ALJ did not explain how the evidence contradicted [her] testimony regarding her pain or limitations." (ECF No. 13, p. 18). Additionally, she points to

1  medical evidence that she believes supports a disability finding. (*Id.* at 19). Defendant counters
2  that "the ALJ reasonably determined that Plaintiff's symptom allegations were not consistent with
3  the medical evidence" and "Plaintiff essentially argues that this Court should emphasize an
4  alternate set of facts." (ECF No. 15, pp. 7, 9).

5        As the Ninth Circuit has noted, "[e]ven when an agency explains its decision with less
6  than ideal clarity, [a court] must uphold it if the agency's path may reasonably be discerned."
7  *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation marks and citation omitted).
8  Here, the ALJ's rationale can reasonably be determined. Importantly, after noting that Plaintiff
9  "allege[d] disability due to chronic pain when sitting, walking, bending and lifting," the ALJ
10 concluded that her symptoms were "not entirely consistent with the [record]," and went on to cite
11 specific evidence that reasonably undercut her complaints. (A.R. 24).

12       For example, the ALJ cited a December 2020 emergency department visit, with the
13 resulting physical examination being "unremarkable," with "no abnormalities in the . . . back[]
14 [and] musculoskeletal system. (A.R. 26, 634). Also, an "[e]xamination in November 2021 noted
15 full range of motion of the back with no costovertebral angle tenderness. Spinal processes and
16 lumbar paraspinal muscles were tender to palpation and straight leg raise testing was negative
17 bilaterally. There was no pain with active range of motion (Exhibit B10F/55)." (A.R. 26, 879).
18 And when Plaintiff presented to pain management in August 2023, the general examination
19 revealed "she was in no acute distress" and "had a normal gait." (A.R. 26, 935). Moreover,
20 throughout the summary of the record, the ALJ also noted evidence that could arguably support
21 disability, including that,

> [i]n June 2023, the claimant presented complaining of back pain and was
> requesting a Toradol injection and refills of medications. Straight leg raise testing
> caused shooting pain down the left leg and spinal processes and paraspinal
> muscles were nontender to palpation. The claimant was unable to lower her right
> leg with control secondary to pain but was able to lower her left leg with control.
> Diagnoses were other chronic pain, and lumbago with sciatica left side (Exhibit
> B10F/3-4).

(A.R. 26).

      In summary, based on Plaintiff's complaints of chronic pain when sitting, walking,

5

bending, and lifting, it was reasonable for the ALJ to discount the degree of her symptoms based on objective medical evidence showing, among other things, no abnormalities in her back, lack of pain while in motion, and her having a normal gait. Further, the ALJ made this determination after considering evidence both favorable and unfavorable to Plaintiff. While Plaintiff may emphasize an alternative view of the evidence, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Next, the ALJ discounted Plaintiff's complaints because, "[o]verall, the claimant [s]ought infrequent and conservative treatment for her back condition. She did physical therapy, and was planned for injections" and "did not require heavy narcotics to manage her pain, and took Aleve and Gabapentin." (A.R. 27). As the Ninth Circuit has concluded, "evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quotation marks and citation omitted).

Plaintiff objects to the ALJ's reasoning. She argues that (1) the ALJ failed to acknowledge evidence regarding injections that she had; (2) the treatment she obtained supports her claim of disability, and (3) her failure to obtain further treatment was due to factors outside her control, such as "the lack of an available neurologist." (ECF No. 13, pp. 20-21). Defendant counters that Plaintiff's infrequent care was a valid reason to discount her subjective complaints, noting that, "during the relevant period from October 21, 2020, to November 21, 2023, Plaintiff sought treatment specifically for her back pain on seven occasions." (ECF No. 15, p. 8).

Plaintiff's arguments are unpersuasive. Despite the ALJ's summary stating that Plaintiff "was planned for injections," the ALJ elsewhere repeatedly acknowledged that Plaintiff had already received injections. (A.R. 27). Importantly, the ALJ stated that Plaintiff "noted physical therapy was not very helpful and that injections provided temporary relief (hearing testimony)," "[o]n February 25, 2020, there was another follow-up for back pain and injections," Plaintiff "had been receiving epidural steroid injections although they have not always found them helpful," and in August 2023 she "was provided with bilateral S1 transforaminal injections (Exhibit B11F/5)." (A.R. 24, 25, 26). Thus, contrary to what Plaintiff suggests, the ALJ did not improperly ignore

1  evidence regarding her injections.  Furthermore, while Plaintiff's failure to obtain some limited
2  treatment, *e.g.*, a neurosurgery consultation, may have been outside of her control, she fails to
3  demonstrate that the ALJ's general observation—that her treatment as a whole was infrequent and
4  mostly conservative—was incorrect.

5      The ALJ also declined to fully credit Plaintiff's subjective complaints because she "has
6  very high activities of daily living, including helping her granddaughter with homework and
7  cooking, taking walks and continuing to work part time, though not at substantial gainful activity
8  levels." (A.R. 27). "Even if the claimant experiences some difficulty or pain, her daily activities
9  may be grounds for discrediting the claimant's testimony to the extent that they contradict claims
10 of a totally debilitating impairment." *Smartt*, 53 F.4th at 499 (quotation marks and citation
11 omitted).

12     Plaintiff objects, generally arguing that the ALJ failed to specifically explain how her
13 daily activities undermine her complaints and that her testimony otherwise reveals she is not
14 capable of working. (ECF No. 13, pp. 22-23). Defendant counters that, "[e]ven if Plaintiff's
15 activities were not consistent with full-time work, the salient point is that they were inconsistent
16 with the severity of the symptoms [s]he alleged." (ECF No. 15, p. 9).

17     The Court finds no error. Notably, elsewhere in the opinion, the ALJ further explained
18 Plaintiff's activities involving her granddaughter, cooking, walking, and working part time as
19 follows:

> In a function report the claimant reported . . . that she gets her granddaughter ready for school, stretches her back, takes a small walk, assists her granddaughter with schoolwork, and administers her husband's medications. She reported she was capable of preparing complete meals, taking 40 minutes to prepare and that she could not stand as long as she needed to without help prepare the meal most of the time . . . . The claimant also testified that she continues to work part time at Hanford Elementary school as a yard supervisor, 2.5 hours a day, 5 days a week.

(A.R. 24).

    Based on Plaintiff's allegations of chronic pain when sitting, walking, bending and lifting, it was reasonable for the ALJ to discount Plaintiff's assertions of total disability, based on her daily activities, especially her ability to work 2.5 hours each day, five days a week, with Plaintiff

acknowledging that she was on her feet most of the day as a yard supervisor. (A.R. 46, 47, 49).

Lastly, in explaining the decision to discount Plaintiff's allegations and instead find Plaintiff capable of working at a "medium exertion" level, the ALJ relied on the opinions of state agency medical consultants.

> State agency medical consultants reviewed the evidence of record. J. Linder, MD, opined on February 9, 2021, that the claimant was capable of medium work with the ability to change positions, and postural limitations of occasional climbing of ladders, ropes and scaffolds. It was noted that subsequent to the previous unfavorable ALJ decision (Exhibit B1A), the claimant had returned to work, and work through August 2020. The claimant was noted to be very functional and able to care for her husband, and granddaughter, including cooking and cleaning, as well as keeping track of her husband's medications (Exhibit B2A). A Nasrabadi, MD, opined on July 9, 2021, that the claimant was capable of medium work with occasional climbing of ladders, ropes and scaffolds, and the opportunity to change position briefly for a minute or so every hour to assist with pain while maintaining work tasks (Exhibit B4A). These opinions are very persuasive as they are consistent with and supported by the objective evidence of record as summarized briefly above, including radiographic evidence and objective observations of functioning consistent with the ability to perform medium work. Records received at the hearing level do not reveal worsening of the claimant's condition and she is maintained conservative treatment.

(A.R. 27).

An ALJ may properly rely on a medical professional's opinion to reject subjective complaints. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) ("In addition, the medical evidence, including Dr. Eather's report and Dr. Neville's report—which both found Stubbs–Danielson could perform a limited range of work—support the ALJ's credibility determination.").

In short, after considering the ALJ's reasoning in light of the record as a whole, the Court concludes that the ALJ provided legally sufficient reasons to discount Plaintiff's subjective complaints.

**B.     Lay Testimony**

Plaintiff also argues that the ALJ erred by failing to discuss the lay testimony of her friend, Kat Tibbetts.

> Ms. Tibbetts testified that Ms. Chavez was unable to do household chores without assistance, was not able to stand without pain long enough to make a complete

> meal, was unable to lift and carry a laundry basket, needed assistance loading and unloading clothes into the washer and dryer, and could walk no more than 10 minutes at one time before needing to rest for five minutes before continuing.

(ECF No. 13, p. 26; *see* A.R. 319-28).

Defendant concedes that the ALJ did not address Tibbetts's statements. (ECF No. 15, p. 10). However, Defendant argues (1) that the ALJ was not required to articulate how it considered Ms. Tibbetts's testimony, and (2) that even if the ALJ were required to provide germane reasons to reject the testimony, the ALJ's rationale to reject Plaintiff's own subjective complaints satisfies this standard. (*Id.* at 11-12).

The Court notes unpublished Ninth Circuit authority indicating that, under the revised regulations, an ALJ no longer has to provide germane reasons to discount lay witness statements. *See Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 n.1 (9th Cir. Dec. 27, 2022) ("It is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate it in their decisions.") (unpublished); *Jarrett v. O'Malley*, No. 23-3565, 2024 WL 4707890, at *3 (9th Cir. Nov. 7, 2024) ("It is an open question whether the new regulations affect the longstanding requirement in the Ninth Circuit that an ALJ must give germane reasons for rejecting lay witness testimony. We need not decide this issue here because any error would be harmless.") (unpublished).

Moreover, even before the revised regulations discussed above, courts declined to find reversible error where an ALJ failed to address lay testimony, yet provided sufficient reasons for rejecting similar testimony from the Plaintiff. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."). Similarly, the Ninth Circuit previously held that any failure to address lay testimony is subject to the harmless error rule. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) ("Interpreting *Stout* as creating a rule that the ALJ's failure to expressly reject any facially material lay witness testimony is per se prejudicial would run afoul

of our settled rule that we will not reverse for errors that are inconsequential to the ultimate nondisability determination.") (quotation marks and citation omitted).

Here, the Court finds that the ALJ's reasons for discounting Plaintiff's subjective complaints also apply to the lay witness opinion. For example, the ALJ noted that Plaintiff "was able to perform light housekeeping chores but required assistance with cleaning, cooking, laundry and mopping," that Plaintiff reported being able to "only lift 5 pounds" and elsewhere 10 pounds, and that Plaintiff stated she "could only walk about 20 minutes" or elsewhere a "1/2 mile." (A.R. 24). The ALJ's reasoning would also apply to the lay witness statements. (*See* A.R. 319-28).

## II. CONCLUSION AND ORDER

Based on the above reasons, the decision of the Commissioner of Social Security is affirmed. The Clerk of Court is directed to enter judgment in favor of the Commissioner of Social Security and to close this case.

IT IS SO ORDERED.

Dated: **September 3, 2025**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE